UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY ALLEN ROWE,               )<br>                                                          )<br>                    Plaintiff,           )<br>        vs.                                        )         1:10-cv-362-LJM-DML<br>                                                          )<br>SUPT. BRETT MIZE, et al.,          )<br>                                                          )<br>                    Defendants.      ) | |

**E N T R Y**

**I.**

This cause is before the court on the motion of plaintiff Rowe seeking an order directing the United States Marshals Service to serve process on the defendant Pamela Baines (dkt 21).

Having considered such motion, and having also reviewed the filing and procedural date of the action, the plaintiff's motion (dkt 21) is **denied.**

Baines was not among the original defendants in this action. She has not appeared in the action up to this point.

The plaintiff sought to add Baines as a defendant through his motion filed on May 17, 2010, and achieved this through the court's ruling of May 24, 2010. This was effected through the filing of the amended complaint on May 24, 2010.

The plaintiff was entitled to amend his complaint once as a matter of right before the defendants filed their answer. Despite this rule, however, leave of court is required to add a defendant. *Williams v. United States Postal Service,* 873 F.2d 1069, 1073 n.2 (7th Cir. 1989) (citing *La Batt v. Twomey,* 513 F.2d 641, 651 n.9 (7th Cir. 1975)).

Baines has thus been added as a defendant effective May 24, 2010.

Because Rowe is a prisoner, both his complaint and his amended complaint are subject to the screening requirement of 28 U.S.C. § 1915A(b). *Laumann v. Raemisch,* 2008 WL 2062264, at *1 (E.D.Wis. May 13, 2008); *Zimmerman v. Hoard,* 5 F.Supp.2d 633, 635 (N.D.Ind. 1998) ("Section 1915A also requires the court to screen proposed amended complaints submitted by prisoners."). This statute "requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part,

if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Rowe's amended complaint has not been screened. Among other matters, therefore, it has not been determined whether a viable claim has been asserted against Baines.

If the court determines that a viable claim is asserted against Baines and if at that time Baines has not appeared in the action, the court will direct the issuance of process to this defendant.

From the foregoing, it is evident that the steps taken by Rowe himself to seek a waiver of service from Baines were quite plainly premature and thus ineffective. There is, therefore, no reason to proceed at this point to direct the Marshals Service to serve process on Baines.

II.

Probably as an adjunct to the motion discussed in Part I of this Entry, Rowe has also filed a request to proceed *in forma pauperis*. That request (dkt 20) is **denied as unnecessary** for the present.

**IT IS SO ORDERED.**

Date: 06/01/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lynne Denise Hammer
OFFICE OF THE INDIANA ATTORNEY GENERAL
Lynne.Hammer@atg.in.gov

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Jeffrey Allen Rowe
DOC #116017
Indiana State Prison
One Park Row
Michigan City, IN 46360