UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JEFFREY ALLEN ROWE,                )
                                   )
            Plaintiff,             )
                                   )
        vs.                        )  1:10-cv-362-JMS-DML
                                   )
SUPT. BRETT MIZE, et al.,          )
                                   )
            Defendants.            )
                                   )

**Entry Discussing Affirmative Defense of Failure
to Exhaust Available Administrative Remedies**

This is a civil rights action brought by Jeffrey Rowe ("Rowe") against officials at the Pendleton Correctional Facility ("Pendleton"), which is a prison operated by the Indiana Department of Correction.

The defendants have presented as an affirmative defense their contention that Rowe failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") prior to filing this action. The burden of proof as to this defense rests on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)).

A hearing was conducted pertaining to the above defense on June 15, 2011. The parameters of the hearing were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The plaintiff was present in person and by counsel.[1] The defendants were present by counsel. Evidence was submitted. Post-hearing proposed findings of fact and conclusions of law have been filed.

For the reasons explained in this Entry, the court finds that the defendants have failed to meet their burden of proof. Their affirmative defense that Rowe failed to comply with the exhaustion requirement of the PLRA prior to filing this action is therefore **rejected.**

---

1  The court appreciates the pro bono efforts of Edward W. Harris III and Erin C. Nave of the law firm of Taft Stettinius & Hollister, LLP, who accepted the court's request to represent Rowe for the purpose of resolving the affirmative defense.

**Discussion**

The law applicable to the affirmative defense is this: The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). AProper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.@ *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id.* Of course,

> when the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited. On the other hand, when prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality.

*Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006).

Having weighed the conflicting evidence concerning what Rowe did to utilize the administrative remedies process, the court credits Rowe's account, and the evidence supporting that account, that he did everything within his ability to do. Specifically, as to Rowe's allegations that actions of the defendants prior to May 1, 2009 caused his injuries, the court finds that:

- In December 2008, Rowe requested to be re-classified from the general prison population to protective custody due to concerns about his safety. Pursuant to the Adult Offender Classification Policy in place at the time of Rowe's request, a reclassification hearing was held. Rowe was subsequently placed on administrative segregation instead of the protective custody he had requested. Rowe filed a classification appeal to the Superintendent regarding this decision and his appeal was denied on February 16, 2009. The Superintendent's decision was final.

- The grievance process was not available for classification decisions and Rowe exhausted his means to appeal the denials of his request for protective custody classification.

As to Rowe's allegations that the actions of certain Pendleton employees on May 1, 2009, also caused his injuries, the court finds that:

- Rowe submitted an informal grievance as to this claim with counselor Michael Kidder verbally and in writing.

- Rowe did not receive a response to his informal grievance.

- DOC grievance policy in effect on May 1, 2009, did not require Rowe to file a formal grievance as to what occurred on May 1, 2009, prior to the resolution of his informal grievance.

- It was the failure of Pendleton personnel to respond to Rowe's informal grievance which accounts for Rowe's failure to fully utilize the administrative remedies procedure at Pendleton as to the failure-to-protect claim. The defendants' inaction rendered the formal grievance process unavailable. Therefore, Rowe exhausted his remedies related to the May 1, 2009, incident.

Accordingly, the affirmative defense discussed herein is **rejected** and the case will proceed.

   **IT IS SO ORDERED.**

Date: 10/20/2011

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Edward Wesley Harris, III
TAFT STETTINIUS & HOLLISTER LLP
Email: eharris@taftlaw.com

Erin C. Nave
TAFT STETTINIUS & HOLLISTER LLP
enave@taftlaw.com

Jeffrey Allen Rowe
116017
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Matthew T. Black
STATE OF INDIANA OFFICE OF THE ATTORNEY GENERAL
matthew.black@atg.in.gov