# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JEFFREY ALLEN ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-362-JMS-DML |
| | ) | |
| SUPT. BRETT MIZE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Motion for Preliminary Injunction

The plaintiff, a state prisoner, seeks the issuance of a preliminary injunction.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). An injunction is an equitable remedy so its issuance is one which falls within the sound discretion of the district court. *See Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). A court may issue a stay pending appeal or an order granting interim injunctive relief only when the movant demonstrates: (a) he is likely to succeed on the merits; (b) that he is likely to suffer irreparable harm in the absence of preliminary relief; (c) that the balance of equities tips in his favor; and (d) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). The "movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1292 (D.C.Cir. 2009).

The plaintiff's motion for a preliminary injunction [110] and his motion for a hearing on the motion for preliminary injunction [112] are each **denied**. The reasons for this ruling include the following:

1.     In his motion, the plaintiff seeks an order compelling prison authorities to change his housing assignment to protective custody. He seeks this action because of his anticipation that he will be assaulted by other inmates.

2.     The defendants who have appeared in the action have explained, however, that they are cognizant of their responsibility under the Eighth Amendment to take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994), and that the unit to which the plaintiff is assigned (protective custody) actually has more restrictive inmate-to-inmate contact and access than does the protective custody unit to which the plaintiff seeks to be transferred. The plaintiff disputes the character of the protective custody unit in some respects, but no prison unit runs without tension and the risk of violence. "Although there are very many varieties of prisons with different degrees of security, we must realize that in many of them the inmates are closely supervised and their activities controlled around the clock. Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace." *Wolff v. McDonnell,* 418 U.S. 539, 562 (1974). As noted below, the different views on which housing unit operates under which protocols, and how successfully, is precisely the reason why this court's intervention is problematic.

3.     The relief sought by the plaintiff would not be consistent with the Supreme Court's directions that "federal courts . . . afford appropriate deference and flexibility to state officials trying to manage a volatile environment[.]" *Sandin v. Conner,* 515 U.S. 472, 483 (1995). Where a plaintiff requests an injunction that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode,* 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff,* 418 U.S. at 566. Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks,* 548 U.S. 521, 528 (2006); *Bell v. Wolfish,* 441 U.S. 520, 527 (1979). *See Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998) ("it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison[.]"). As noted in *Fox v. Rodgers,* 2009 WL 891719 (E.D.Mich. 2009), any injunction issued against prison officials dealing with the day-to-day operation of the prison system may cause substantial harm to both public and private interests.

4.     The plaintiff has not shown that there is a reasonable likelihood of success on the merits of his claim of improper housing assignment at present. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to

relief. *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365, 376 (2008) (citation omitted)(emphasis added). His motion for a preliminary injunction [110] is therefore **denied**, as is his motion for a hearing [112] on his motion for preliminary injunction.

    **IT IS SO ORDERED.**

Date: 04/05/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel